HUSBANDS v. STATE.

[72 South. 836.]

TRESPASS. *Trespass less than larceny. Taking hog. Statute.*

Where defendant assisted the owner of a cornfield, to take up and pen a hog belonging to another, which was depredating in said field, and the owner of the field demanded of the owner of the hog fifty cents for taking it up which he refused to pay, and thereupon defendant bought the hog from the party taking it up and offered the hog to its owner for fifty cents. In such case he was not guilty of violating Code 1906, section 1264, which provides, that any person who shall, without the owner's consent, take and carry away any hog, etc., where the taking and carrying away does not amount to larceny, shall be fined or imprisoned, but that the section shall not apply to any one who takes property believing in good faith that he has a right to it, since in such case there was nothing wrongful in the taking up of the hog but it was taken up in good faith.

APPEAL from the circuit court of Lamar county.

HON. A. E. WEATHERSBY, Judge.

Jesse Husbands was convicted of a trespass less than larceny and appealed.

The facts are fully stated in the opinion of the court.

*Salter & Hamilton,* for appellant.

We submit that in order to have sustained a conviction for tresspass less than larceny, it was incumbent upon the state to show by testimony, to a moral certainty and beyond every reasonable doubt, that the taking away was wrongful. But the state's testimony shows affirmatively (and there is no conflict) that the hog was taken up because it was eating the crops of both appellant and Joe Peterson. Was it unlawful for them to do this? In the case of *State* v. *Stephens,* 3 So. 458, the supreme court says: "It was immaterial whether the appellant had a lawful fence or not. The motive with which the act was done is the test as to whether it was criminal or not," citing Q. Bish. St. Crimes, paragraphs 594, 597; *Wright* v. *State,* 30 Ga. 325; *State* v. *Waters,* 6 Jones (N. C.) 276; Thomas v. State, 30 Ark. 433; Lott v. State, 9 Tex. App. 206. And we most respectfully submit that the court should have, and committed reversible error, in not sustaining the defendant's motion to exclude the state's testimony and to direct a verdict of not guilty. We respectfully submit that the record shows that Peterson endeavored to comply with section 2222, 2227 of the Code of 1906, dealing with trespassing stock, and that if he erred, it was simply a matter of judgment for which he alone was amenable in a civil action.

*Geo. H. Etheridge,* Assistant Attorney-General for the State.

The appellant was indicted for the larceny of one hog, and convicted of trespass less than larceny. It appears that the prosecution originated over the taking up of a trespassing animal and after refusal by the owner to pay the damages, the selling of such trespassing animal with-

out going through the form and process of law required in such cases. The appellant bought the trespassing animal and seems to have had full knowledge of the facts, and of course must be charged with a knowledge of the law (although as a matter of fact he perhaps knew as little law as any citizen of the land), and technically falls within the provision of the statute. . There can be no doubt, from the record that the pig was a trespassing animal and that the taker up had a right to take it up; but he wholly failed after taking up the animal to comply with the law as to having the damages assessed, and the animal condemned to pay such damages in any legal manner.

It is true that the witnesses for the defense claimed that the owner had given the hog to them, but he denies this and the jury found the facts on this conflict against the appellant, and the court is bound to assume the finding was correct. The action of the court in permitting the amendment to the affidavit was correct as the statute expressly authorizes such amendments to be made on appeal from justice of the peace courts. It may be true that a twenty-five dollar fine for wrongful withholding the possession of a dollar pig is pretty steep, but then the court knew that the price of meat was bound to rise, and evidently wanted to discourage practices of the kind shown in this record; and perhaps wanted to discourage litigation over worthless "pine rooters."

SYKES, J., delivered the opinion of the court.

An affidavit was made against the appellant and one Joe Peterson before a justice of the peace of Lamar county, charging them with having stolen "one female hog of the value of seven dollars." The appellant here was convicted in the circuit court of a "trespass less than larceny," for which he was fined twenty-five dollars by the circuit judge, and from which judgment this appeal is prosecuted.

The testimony in the case shows that the "female hog" in question was found by Jesse Husbands and Joe Peterson in the cornfield of Peterson eating the corn, and that at the request of Peterson the appellant helped him catch the hog and put it in a pen at Peterson's house. Lige Cooley, who had the custody of the hog, was notified that Peterson had the hog up and to come over and pay for the keeping of the hog. Peterson at first wanted Cooley to pay him a dollar, but later on agreed to take fifty cents. It seems, however, that Cooley was not willing to pay anything for the hog, and finally Peterson sold the hog to the appellant here for fifty cents, and the appellant moved the hog to his pen. Appellant also offered to turn the hog over to Cooley upon payment of fifty cents, but Cooley was not willing to pay this amount. Cooley then made affidavit against Peterson and Husbands for stealing the hog. The appellant was evidently convicted under section 1264 of the Code of 1906. In this case, however, there was nothing wrongful in the taking up of the hog, and the record further shows that the appellant and Peterson took the same up in good faith, believing that they had a right to do so. The case is therefore reversed, and the appellant discharged.

*Reversed.*